CASCO NATIONAL BANK *vs*. FAYETTE SHAW and others.

Cumberland.    Opinion April 19, 1887.

*Promissory notes. Notice of protest. Indorsers, notice to, when insolvent. Mailing notice in street letter boxes. Practice.*

Notice of the dishonor of a note indorsed by an insolvent firm is sufficient if addressed to the firm at its former place of business, where its affairs are being settled by a trustee to whom the firm has made an assignment for the benefit of its creditors and is received by the trustee.

Depositing such a notice, properly addressed, in a street letter box, put up by the Post Office Department is as truly mailed as if deposited in the letter box within the post office building itself.

Money received by the holder of a note, upon a contract to assign the note to the person paying such money, is not a payment on the note, which the indorser may have applied in a suit by the holder against the indorser.

When the defendant in a pending action is in insolvency, the continuance of the action until the termination of the insolvency proceedings is within the discretion of the court, and can not be claimed by the defendant as a matter of right.

ON report.

Four actions between the same parties were submitted by the report on the same facts. The first action was assumpsit on five promissory notes of ten thousand dollars each, signed by John F. Mills, and indorsed by the defendants; the second action was assumpsit on two promissory notes of forty-six hundred and thirty-nine dollars each, signed by W. E. Plummer, and indorsed by the defendants, and on three promissory notes of $4,659.78, $4,675.31 and $4,658.61, respectively, signed by Chas. W. Clement and indorsed by the defendants; the third action was assumpsit on seven promissory notes of $4,867.50, $4,754.63, $4,516.96, $3,996.59, $4,439.40, $4,713.61 and $4,916.84, respectively, signed by W. E. Plummer and indorsed by the defendants, and on three promissory notes of $4.411.21, $4,362.19, and $4,409.60, respectively, signed by John F. Mills & Co. and indorsed by the defendants; the fourth action was assumpsit on three promissory notes of $4,137.15, $4,205 and $4.115.20, respectively, signed by Charles H. Ward, and indorsed by the defendants, and on four promissory notes of $2,997.87, $4,481.96,

$4,694.83 and $5,897.43, respectively, signed by Charles W. Clement, and indorsed by the defendants, and also on two other promissory notes of $5,316.29 and $5,132.26, respectively, signed by L. J. Orcott and indorsed by the defendants.

*William L. Putman,* for the plaintiff, on the validity of the protest, cited : *Pattee* v. *McCrillis,* 53 Maine, 410 ; Mass. Stat. 1882, c. 77, § § 8–22 ; Daniel, Neg. Instruments, § 1017 ; *Malden Bank* v. *Baldwin,* 13 Gray, 154 ; *Allen* v. *Avery,* 47 Maine, 287 ; *McGoun* v. *Walker,* 49 Maine, 419 ; *Bradley* v. *Davis,* 26 Maine, 51 ; *King* v. *Crowell,* 61 Maine, 244 ; *Gilbert* v. *Dennis,* 3 Met. 495 ; *Warren* v. *Gilman,* 17 Maine, 360 ; *Freeman's Bank* v. *Perkins,* 18 Maine, 292 ; *Flint* v. *Rogers,* 15 Maine, 67 ; *Lord* v. *Appleton,* 15 Maine, 270 ; *Lambert* v. *Chiselin,* 9 How. 552 ; *Saco Nat. Bank* v. *Sanborn,* 63 Maine, 340 ; *Grafton Bank* v. *Cox,* 13 Gray, 503 ; *Requa* v. *Collins,* 51 N. Y. 144 ; *Bank of Utica* v. *Phillips,* 3 Wend. 408 ; 1 Greenl. Ev. § 40 ; 33 Alb. L. J. 478 ; Abb. Trial Ev. 433, 434 ; *Bank* v. *DeGroot,* 7 Hun, 210 ; *Pearce* v. *Langfit,* 100 Penn. St. 507 ; *Wood* v. *Callaghan,* 28 N. W. Rep. 162 ; *Berridge* v. *Fitzgerald,* L. R. 4 Q. B. 639 ; *Eastern Bank* v. *Brown,* 356 ; *Harrison* v. *Bailey,* 99 Mass. 620 ; *Keyes* v. *Winter,* 54 Maine, 401 ; *Cornor* v. *Pratt,* 138 Mass. 446 ; Byles, Bills, (7 Am. ed.) 304 ; *Bank of Com.* v. *Law,* 127 Mass. 72 ; *Fuller* v. *Hooper,* 3 Gray, 334.

No protest was required since the notes were for the accommodation of the indorsers. Daniel, Neg. Inst. § 1086 *et seq.* ; *Blenn* v. *Lyford,* 70 Maine, 149.

Continuance is a matter of discretion. R. S., c. 70, § 51 ; c. 82, § 54 ; *Schwartz* v. *Drinkwater,* 70 Maine, 409 ; *Barker* v. *Haskell,* 9 Cush. 222.

*George W. Morse and N. and H. B. Cleaves,* for defendants.

Notice mailed to the defendants at 268 Purchase Street, Boston, after they had made an assignment of all their property to F. A. Wyman, and abandoned the premises to him, was an insufficient notice to charge the defendants as indorsers of the plaintiff's notes.

Because it is held that notice to the voluntary assignee of an

indorser is insufficient to charge the indorser with liability. *House, Assignee,* v. *Vinton Co. Nat. Bank,* (Sup. Court of Ohio, January 16, 1885,) Reporter, August 26, 1885, p. 247.

It was likewise held that demand made at the maker's place of business, then occupied by his assignee, was insufficient in *Armstrong* v. *Thurston,* 11 Md. 148, and *Benedict* v. *Caffe,* 5 Duer, N. Y. Superior Court, 226.

In *Granite Bank* v. *Ayers,* 16 Pick. 392, the court nonsuited the plaintiffs, on the ground that no proper demand had been made upon the makers, and intimated that no proper notice had been given to the indorsers.

In the case of the *Bank of America* v. *The Shaws,* 142 Mass. 290, the decision in the appellate court was upon the facts as already found, and they differed materially from the facts in the case at bar.

Deposit in street letter boxes was, under the circumstances, insufficient notice to charge the defendants as indorsers. The ordinary rule is, that where personal notice is given at an indorser's place of business, it must be given in business hours, and, "if left after these hours, it will not be deemed sufficient," &c., &c. Story on Prom. Notes, § 315.

The rules in the United States Courts, to stay all suits, whether such as would be barred or not by discharge (unless in cases of inexcusable laches of the debtors), is imperative. R. S., U. S., § 5106; *In re Rosenberg,* 3 Benedict, 14; *In re Chirardelli,* 1 Sawyer, 343; *Ray* v. *Wight,* 119 Mass. 428.

At the conclusion of the bankruptcy proceedings, if the claim was secured by a prior attachment or other lien, the courts under the United States practice render, in case the debtor was discharged, only a special judgment to be satisfied out of the debtor's estate. *Doe* v. *Childress,* 21 Wall. 642; *Peck* v. *Jenness,* 7 How. 612; *Bowman* v. *Harding,* 56 Maine, 559; *Leighton* v. *Kelsey,* 57 Maine, 85; *Franklin Bank* v. *Batchelder,* 23 Maine, 60; *Kittredge* v. *Warren,* 14 N. H. 509; *Matter of Rowell,* 21 Verm. 620; *Johnson* v. *Collins,* 116 Mass. 392; *Stockwell* v. *Silloway,* 113 Mass. 382; *Davenport* v. *Tilton,* 10 Met. 320; *Bates* v. *Tappan,* 99 Mass. 376.

In the state insolvency courts of Maine, although customary to stay suits pending insolvency, the rule is not imperative, but discretionary ; hence, in case of claim which would not be barred, the Supreme Court rightfully refused to stay proceedings, because no damage could ensue to any parties thereby. *Schwartz* v. *Drinkwater*, 70 Maine, 409.

In those cases, under the insolvency laws where plaintiff's claims are such as would not be barred by the debtor's discharge, it is held that his person is exempt from arrest, the court rendering a special judgment only. *Choteau* v. *Richardson*, 12 Allen, 365.

The reason why special judgments are allowed after the debtor's discharge, is thus stated by TENNEY, J., in *Franklin Bank* v. *Batchelder*, 23 Maine, 65.

If the judgment is rendered in this case pending the insolvency proceedings, it will create a new debt which will not be barred by the defendants' discharge therein. *Woodbury* v. *Perkins*, 5 Cush. 86 ; *Faxon* v. *Baxter*, 11 Cush. 35.

The contract by Wyman for the purchase of these notes, made without the consent of the defendants, with condition of forfeiture both of agreement and of payments, was not within the purview of his powers as general assignee.

Contracts by parties having limited powers in excess thereof are void. *Williams* v. *Evans*, L. R. 1 Q. B. 352.

In *Smead* v. *Wiggins*, 3 Ga. 94, which was a case of an agreement by plaintiff providing for payment in certain instalments, the second instalment not being made at the stipulated time, the court held the agreement forfeited (time being of the essence of the contract), but the plaintiff credited the payments upon his judgment.

WALTON, J. We think the defendants had due notice of the dishonor of the notes declared on. Notices were addressed to them at their former place of business, where their affairs were being settled up by a trustee, to whom they had made an assignment for the benefit of their creditors, and we have no doubt that the notices were received by the trustee. Notices so sent

and received are sufficient. *Bank of America* v. *Shaw*, 142 Mass. 290. Better reported in 2 New Eng. Rep. 572. In the case cited the notice was to the same firm and under substantially the same circumstances as in the cases now before us, and the notice was held good, "because it was sent to what had been the place of business of the firm, where its affairs were actually in process of settlement under the trust."

It is objected that the notices were not properly mailed, because they were dropped into a street letter box. We think this is not a valid objection. Street letter boxes are authorized by an act of Congress (R. S., U. S., § 3868), and are as completely and as exclusively under the care and control of the postoffice department as boxes provided for the reception of letters within the postoffice buildings themselves; and we think a letter deposited in a street letter box, which has been put up by the postoffice department, is as truly mailed, within the meaning of the law, as if it were deposited in a letter box within the postoffice building itself. It has been held that a delivery to a letter carrier is sufficient. *Pearce* v. *Langfit*, 101 Penn. St. 507.

Payments are claimed. Since the commencement of these actions the bank has received $44,398.17 from F. A. Wyman, which the defendants claim should be credited to them. The credit can not be allowed. The money was not delivered or received as payments on the notes in suit. It was received on a contract by which the bank agreed to assign to Wyman, the notes in suit, and the actions thereon, "with all benefit of attachments, if any, made in said suits," and this contract has been assigned by Wyman to a third party. It is clear therefore that the defendants are not entitled to the benefit of these payments. So far as appears they have neither a legal nor an equitable right to the benefit of them.

Payments to the amount of $11,720.52 have been made by C. W. Clement and C. H. Ward, on such of the notes in suit as are signed by them, which will of course be allowed, and the defendants will have the benefit of them.

The court is asked to continue these actions to await the result of insolvency proceedings which they aver are pending against them in this state. We are not satisfied that this request ought to be granted. The petitions have been pending since November, 1883, and yet no adjudication has been had upon them; and we doubt if there is any intention to prosecute them further; for the petitioning creditors appear to have been settled with and their claims assigned to the defendants' trustee, Wyman. Continuances for such a cause are discretionary with the court; they can not be claimed as a matter of right; and they will only be granted when the court is satisfied that justice will be thereby promoted. *Schwartz v. Drinkwater,* 70 Maine, 409. We are not satisfied that justice would be thereby promoted in these actions. The request is therefore denied.

Four actions between the same parties have been submitted to the law court upon one report of evidence; and the parties have agreed that the court shall render such judgment in each case as the legal rights of the parties may require. It is the opinion of the court that the plaintiff is entitled to judgment in each of the four actions, and such judgments will accordingly be entered.

PETERS, C. J., VIRGIN, LIBBEY and EMERY, JJ., concurred.

HASKELL, J., did not sit, having been of counsel.