IMPORTERS AND TRADERS' NATIONAL BANK *vs.* FAYETTE SHAW & another.

Suffolk. March 1. — May 9, 1887. FIELD & C. ALLEN, JJ., absent.

The indorser of a promissory note, who had a place of business in the city where the note was dated, failed in business, and made an assignment for the benefit of his creditors, under which the assignee had authority to carry on the business for completing the manufacture of stock and materials on hand, and otherwise so far as should be necessary for the purposes of the trust. The assignee continued the business, until long after the note became due, at the place of business of the indorser, where the sign with his name remained, and retained the indorser's box in the post-office, which continued to be used exclusively for the business, and in which letters addressed to the indorser were placed, and taken out by the assignee. The indorser left the Commonwealth after the assignment, and did not return until after the note became due, but retained his domicil in a

town in the Commonwealth, where his family resided.   He gave no instructions
in regard to forwarding his mail from the city where his former place of business
was, although he had counsel there who was to communicate to him any matter
of importance affecting his interest.   The holder of the note duly sent notice of
its non-payment by mail to the indorser, addressed to him in said city, and it
was received at his former place of business; but the indorser did not receive it,
in consequence of his counsel's telling the assignee that he had no duty in regard
to such notices.   The holder of the note, when he took it, knew where the
indorser's place of business was, and he had no notice or knowledge of the dis-
continuance of the business, or of the removal of the indorser from the place of
business, except what might be inferred from knowledge of the failure and of
the assignment; and he believed, at the time the notice of non-payment was
given, that the indorser did business and resided in said city.   *Held*, that on
these facts it might properly be found that due diligence was used in giving the
notice.

W. ALLEN, J.   This is an action against Fayette Shaw and
Brackley Shaw, as copartners under the name of F. Shaw and
Brothers, as indorsers of four promissory notes.   No service was
made on Brackley Shaw, who was out of the Commonwealth,
and the action proceeded against Fayette Shaw alone.   The de-
mand was made upon the makers of each note, and notice of its
non-payment was duly sent by mail to the indorsers, addressed
to the firm in Boston.   The only question is whether there was
evidence upon which the judge, who tried the case without a jury,
could find that the notices so addressed were sufficient.

Fayette Shaw resided in Newton in this State, and Brackley
Shaw in Canada.   The firm of F. Shaw and Brothers did an
extensive business in New England, New York, and Canada.
It had its principal place of business and its counting-room at
No. 268 Purchase Street, Boston.   Letters addressed to it at
Boston were placed in its box at the post-office, and there was
evidence from which the judge might have found that the notices
in question were duly delivered and received at 268 Purchase
Street.   The only question made was whether notice at that
place was sufficient, Fayette Shaw not having personally re-
ceived notice.

The notes were dated at Boston, and the makers had places
of business there.   The notes were all dated in March, 1883,
and payable in six months from date.   In July, 1883, F. Shaw
and Brothers failed in business, and made an assignment for the
benefit of their creditors to one Wyman.   They had for some
time carried on a very extensive business, as tanners and dealers

in hides and leather, and the assignment included property in Massachusetts, Maine, New York, and Canada, and the assignee had authority to carry on the business for completing the manufacture of stock and materials on hand, and otherwise so far as should be necessary and proper for the purposes of the trust, and the assignee was constituted the attorney of the firm therefor.

The trusts were to convert the property into money, and pay the creditors, and pay over any balance to the assignors, and the assignment was on condition to reconvey the property, if the assignors should by arrangement with their creditors obtain their consent thereto. The assignee continued the business until long after the notes became due, at the place of business of the firm, No. 268 Purchase Street, Boston, on which the sign " F. Shaw and Brothers " remained, and he retained the box in the post-office, which continued to be used exclusively for the business, and in which letters addressed to the firm were placed, and taken out by him. Fayette Shaw was employed by the assignee as clerk, but left the Commonwealth after the assignment, and did not return until after the notes became due; but he retained his residence in Newton, where his family resided. He gave no instructions in regard to forwarding his mail from Boston, although he had counsel there who was to communicate to him any matter of importance affecting his interest. Great numbers of notices of protest of commercial paper came by mail after Fayette Shaw left, and were received and filed away by the assignee, and Shaw's counsel was informed of this, and made no arrangement in regard to it, but testified that, in answer to inquiries by the assignee, he told him that he (Wyman) had no duty in regard to them. There was no evidence that, after the assignment, any notice of protest was sent to, or received by, the firm or the defendant, except at said place of business.

The plaintiff, when it took the notes, knew that F. Shaw and Brothers was a Boston firm, and knew that its place of business was at 268 Purchase Street. No notice was given to it of the dissolution of the firm, (indeed, it does not appear that it was dissolved,) and it had no notice or knowledge of the discontinuance of the business, or of the removal of the firm from the place of business, except what might be inferred from knowledge

of the failure and of the assignment, and it believed, at the time the notices were given, that the firm did business and resided in Boston.

1. The notice was sufficient, because sent to the proper address of the indorsers when the note was issued, and the plaintiff had no notice or knowledge of a change. *Utica Bank* v. *Phillips*, 3 Wend. 408. *Saco Bank* v. *Sanborn*, 63 Maine, 340. *Rowland* v. *Rowe*, 48 Conn. 432. It is argued that it was put on inquiry by knowledge of the failure and assignment, and that it is affected by the knowledge of, or the probable results of inquiries by, its agents, the Boston bank, and the notary through whom demand was made upon the maker. But they were its agents to make demand upon the maker only, not to give notice to prior indorsers. *Church* v. *Barlow*, 9 Pick. 547. *Phipps* v. *Millbury Bank*, 8 Met. 79. There was nothing in the assignment to indicate that the firm did not remain in its place of business.

2. But if the plaintiff had made inquiry, and been informed of all the facts, the court might well have found that the notice was rightly given. It is a fair inference from the evidence, that the place of business for continuing and settling up the affairs of the firm was used as the place of presenting notices of protest to the firm, and that the defendant knew that such notices were given to the firm there, and were received and kept by Wyman; and the court would have been fully justified in inferring that Wyman had authority from the defendant to receive such notices sent to the firm at the place where he was carrying on its business; and the inference would not be weakened by the fact that the defendant studiously avoided, personally or by his counsel, taking the notices from Wyman, or giving him any instructions in regard to them. If the plaintiff had known that the defendant resided in Newton, and had known the other facts disclosed at the trial, we think that the notice would still have been sufficient. See *Berridge* v. *Fitzgerald*, L. R. 4 Q. B. 639; *Bank of America* v. *Shaw*, 142 Mass. 290.

*Exceptions overruled.*

*J. C. Lane*, for the defendant.

*E. W. Hutchins*, for the plaintiff, was not called upon.