JOHN S. HOBBS & others *vs.* ROBERT F. STRAINE.

Suffolk.    March 15, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Promissory Note — Indorser — Notice — Waiver.*

At the trial of an action against the indorser of a promissory note, there was evidence tending to show that the holder, in due time, took a written notice of the dishonor addressed to the defendant to his office, which was his place of business, and, finding no one in, left it there, but the precise place in the office where it was left was not fixed with certainty. The judge instructed the jury, that, if they found that it was left in a conspicuous place in the office, it was a sufficient notice. *Held*, that the defendant had no ground of exception.

Evidence was also introduced at the trial tending to show that after the note matured the defendant promised to pay, he testifying that, at the time of the alleged promise, he knew that he was released from liability on account of his failure to receive notice, and the judge instructed the jury, that, "if the defendant, knowing all the facts which released him from liability, and knowing or believing himself to be discharged from liability as indorser, promised to pay the note, they would be warranted in finding for the plaintiffs." *Held*, that the instruction was sufficiently favorable to the defendant.

CONTRACT upon a promissory note, made by one Eldridge, payable to the order of the defendant, and indorsed by him to the plaintiffs. Trial in the Superior Court, before *Dunbar*, J., who, after a verdict for the plaintiffs, allowed a bill of exceptions, which, so far as material, appears in the opinion.

*W. M. Stockbridge*, for the defendant.

*S. L. Whipple*, for the plaintiffs.

MORTON, C. J. Notice of the dishonor of a note is sufficient to charge an indorser if it is delivered to him personally, or is left at his place of residence or of business, or is deposited in the mail addressed to him at his place of residence or of business, the postage being prepaid. Pub. Sts. c. 77, § 16. *Bank of America* v. *Shaw*, 142 Mass. 290. *Importers & Traders' National Bank* v. *Shaw*, 144 Mass. 421. The underlying principle of all the decisions upon the subject is, that reasonable diligence must be used by the holder in getting notice of the dishonor to the indorser.

In the case at bar, the evidence tended to show that the plaintiffs, in due time, took a written notice of the dishonor, addressed to the defendant, to his office, which was his place of business, and, finding no one in, left it there. The precise place in the office where it was left was not fixed with certainty, and the court instructed the jury, that, if they found that it was left in a conspicuous place in the office, it was a sufficient notice. This ruling was correct. The jury might well find that the notice was left in good faith in the defendant's office, in such way that he would be likely to see it when he came in. Such a mode of giving the notice would ordinarily be as effectual as if it were sent by mail through a letter carrier. We think the evidence shows a compliance with the rule of law requiring the holder to exercise reasonable diligence, and that the notice was sufficient to charge the defendant as indorser.

There being conflicting evidence as to the sufficiency of the notice, the plaintiffs at the trial relied upon a waiver by the defendant of any defect in the notice, and introduced evidence tending to show that after the note matured the defendant promised to pay it, he testifying that, at the time of the alleged promise, he knew that he was released from liability on account of his failure to receive notice. This was evidence of a waiver,

and the instruction of the court to the jury, that, "if the defendant, knowing all the facts which released him from liability, and knowing or believing himself to be discharged from liability as indorser, promised to pay the note, they would be warranted in finding for the plaintiffs," was sufficiently favorable to the defendant. *Third National Bank* v. *Ashworth*, 105 Mass. 503. *Rindge* v. *Kimball*, 124 Mass. 209.     *Exceptions overruled.*