GUY LAMKIN *vs.* C. E. B. EDGERLY & another.

Suffolk.    March 11, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Notice by Mail to Indorser's Place of Business.*

On the issue whether a room to which a notice of non-payment by mail was directed, addressed to the indorser of a promissory note, was his place of business, thus making the notice sufficient within the Pub. Sts. c. 77, § 16, there was evidence that at that time his name was on a glass panel in the door of the room, and on the door post at the street entrance; that an inquiry for him of a person in the room was answered by a statement that he was not in; that he had been a tenant of the room for a year or two previously; and that he paid rent and remained and had his goods there, and there received his mail, and was occasionally present, until a later date. *Held,* that a finding was warranted that the room was the indorser's place of business when the notice was given.

CONTRACT on a promissory note, dated May 4, 1888, made by the first named defendant, and payable six months after date to the defendant Pickering, and by him indorsed to the plaintiff. At a trial in the Superior Court, without a jury, before *Bishop,* J., the only question was whether the defendant Pickering received due notice of the non-payment of the note by a letter duly mailed, postpaid, and directed to him at a certain room. The judge found for the plaintiff; and the defendant Pickering alleged exceptions, which appear in the opinion.

*C. S. Lincoln,* (*C. P. Lincoln* with him,) for the defendant.

*G. Z. Adams,* (*G. R. Blinn* with him,) for the plaintiff.

KNOWLTON, J. If the room to which the notice was directed was the place of business of the defendant Pickering on November 8, 1888, there can be no doubt that the notice was sufficient. Pub. Sts. c. 77, § 16. *Bank of America* v. *Shaw,* 142 Mass. 290. *Importers & Traders' National Bank* v. *Shaw,* 144 Mass. 421. *Wachusett National Bank* v. *Fairbrother,* 148 Mass. 181. *Hobbs* v. *Straine,* 149 Mass. 212. The judge found that it was his place of business, and the question presented by the bill of exceptions is whether there was evidence to warrant the finding.

The room was at No. 68 Devonshire Street, Boston, and at that time the defendant Pickering's name was on the door post at the street, and on the glass panel in the door of the room.

An inquiry for him of a person in the room was answered by a statement that he was not in. The superintendent of the building testified that he was a tenant there in the first part of November, 1888, and had been for a year or two, and that he remained there and had goods there until the 12th of November, or later, and paid rent for his office up to that date. The janitor of the building gave similar testimony, and said that he saw the defendant in his office twice in November of that year, and that his mail was left there as usual up to the 15th of November. Although there was other evidence which tended to show that he spent but little time there, the judge, on the whole, was warranted in finding that the room had not ceased to be his place of business when the notice was given on November 8.          *Exceptions overruled.*