### HAAS–BARUCH & CO. v. PORTUONDO.

(District Court, E. D. Pennsylvania. July 8, 1905.)

#### No. 1,937.

BANKRUPTCY—CLAIMS—ALLOWANCE.

On a cigar manufacturer being adjudged a bankrupt, claimant was entitled to receive from him 40,750 cigars, for which claim was filed before the referee in bankruptcy. Thereafter a corporation was organized to continue the bankrupt's business, purchase his assets, etc., and, desiring claimant to continue to act as its sales agent, agreed to protect claimant in its claim, and suggested that, as the claim was a legal one against the bankrupt's estate, if claimant would assign the same to the corporation's attorney he would prove the claim before the receiver, to which claimant replied that it would present its claim to the receiver, and, if the corporation so shipped the cigars, claimant would return to it any dividend received on its claim. *Held*, that such arrangement did not operate as a payment of the claim against the bankrupt, and that claimant was entitled to prove the same against his estate.

In Bankruptcy. On Certificate of Referee.

J. Martin Rammel, for trustee.

Samuel W. Salus, for claimant.

HOLLAND, District Judge. In May, 1904, Vincente Portuondo was adjudicated a bankrupt, and a claim was duly filed against the estate by the plaintiff for the sum of $1,202.13, which was the value of 40,750 Portuondo cigars, at $29.50 per 1,000. The claim was excluded by the referee. Whereupon exceptions were filed to this finding, and a request made that the referee certify the matter to this court. It appears that the plaintiff company was the agent of the bankrupt for the sale of cigars, and the referee finds as a fact

that under the contract existing between them the plaintiff company "was entitled in April, 1904, to 40,750 cigars, the price of which was twenty-nine and fifty-hundreths dollars ($29.50) per thousand"; total, $1,202.13. It further appeared that shortly after the defendant was adjudicated a bankrupt the Vincente Portuondo Cigar Manufacturing Company, a corporation, was organized for the purpose of taking over the assets of the bankrupt, and it purchased the stock which the bankrupt had at the time of bankruptcy from the receiver. This company was anxious to retain the service of the plaintiff company as a customer or agent for these cigars, and for that purpose wrote to Messrs. Haas-Baruch & Co. on May 16, 1904, as follows:

"We are in receipt of your favor of the 10th inst. and in reply to same would state, that we are the purchasers from the Receiver of the plant, assets, good will etc. of the bankrupt concern of Vincente Portuondo, and we learn from Mr. Jacoby that the bankrupt had agreed to give you an extra deal on the Chico cigar to the extent of 40,875 for goods sold during the period of thirty days.

"As stated to you by Mr. Jacoby, we are fully prepared to protect your interests as we appreciate the value of your account, but as your claim is a good and legal one against the bankrupt estate, in order that we may realize something on it we would request that you immediately on receipt of this forward Power of Attorney to collect the claim against the bankrupt estate to Sam'l W. Salus, Esq., 737 Land Title Building, who is our attorney in this matter. We have already instructed Mr. Salus to put in your claim to the Receiver, and upon receipt of your Power of Attorney he will prove same."

Subsequently, on May 28, 1904, the plaintiff company wrote the newly formed corporation as follows:

"We beg to acknowledge receipt of your valued favor of the 23rd inst., from which we note that the draft of which we tried to stop payment, has been cashed. We shall now hand our account against Vincente Portuondo to the receiver. We would prefer, however, not to wait until we receive a dividend on it, but expect you to ship us 40,750 Portuondo Cigars in liquidation of our claim, and as promised by you, and if we receive any dividend from the Receiver of Vincente Portuondo, we will be glad to return it to you, and remain."

It is very clear from an examination of this correspondence that it was not the intention of the Vincente Portuondo Cigar Manufacturing Company, or the plaintiff in this case, that the receipt of the cigars from the manufacturing company was to be regarded as a payment of the plaintiff's claim against the bankrupt. The manufacturing company stated in its letter of May 16th that, in view of the fact that the plaintiff's claim was a legal one against the bankrupt's estate, it would protect the plaintiff in its claim, and then pointed out the method by which the claim could be enforced against the bankrupt's estate; and the plaintiff, in its letter to the manufacturing company, dated May 28th, promised to return to the manufacturing company such dividends as it would receive from the bankrupt estate. I am unable to see the merit in the claim of the trustee that the bankrupt's estate should be relieved from this obligation because the manufacturing company, in order to secure the plaintiff company as a customer, agreed to protect it in the collection of its entire claim. There is nothing to indicate that the parties regarded their arrangement as a liquidation or payment of the plain-

tiff's claim against the defendant, but, on the other hand, they expressly indicate an intention to collect it, as shown by the letters in evidence. In my judgment, the referee was in error in excluding the claim. Advantage of a payment by a third person cannot be taken by the debtor as a discharge of his indebtedness unless it was intended by the payor and the creditor to operate as a discharge. Am. & Eng. Ency. of Law (2d Ed.) vol. 22, p. 536. Where a debt is justly due, and it has been guarantied or advanced by a third party for any reason, with the understanding between the third party and the creditor that such guaranty or payment was not made for the purpose of liquidating or discharging the debt due, there is no good reason why the creditor should not be permitted to collect the same from the debtor for the third party. Merryman v. State, 5 Har. & J. (Md.) 423; Whiting v. Ins. Co., 15 Md. 297; Smilie v. Walton, 41 Vt. 174; Bank v. Shaw, 79 Me. 376, 10 Atl. 67, 1 Am. St. Rep. 319.

The order of the referee excluding this claim is set aside, and the claim allowed in favor of the plaintiff.