FRANCIS D. REARDON *vs.* CHARLES L. MURDOCK & another.

Norfolk.    October 11, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Evidence*, Relevancy and materiality, Extrinsic affecting writing, Declaration of deceased person, Competency. *Practice, Civil*, Exceptions: whether error harmful. *Waiver. Bills and Notes*, What constitutes, Presentment, Notice of dishonor. *Words*, "Give."

Evidence of the time when a maker of a blank note learned that one to whom he had given it in that form had filled it out payable to himself and indorsed and delivered it to another, was not relevant in the circumstances in an action by the indorsee against the maker.

If certain evidence had any probative force, it was so slight that excluding it could not have affected the verdict in view of the other evidence; and no reversible error was shown by the exclusion.

Waiver of presentment and notice of dishonor by an indorser of a note could be found upon evidence that before maturity the indorser told the holder of the note he was going to pay it and that after maturity the indorser thanked the holder for not presenting it and promised to pay it.

In an action upon a promissory note, certain evidence did not show that the note was intended to be only a sham or "jest" in a transaction "of friendship" or that it was a nullity; at most such evidence showed a parol agreement, at variance with the terms of the note, that it should be paid only if a certain speculative venture were profitable, and therefore was properly excluded.

An exception to the exclusion of testimony as to a statement by a deceased person could not be sustained where the record did not show that the trial judge found the preliminary facts necessary to make the testimony competent under G. L. (Ter. Ed.) c. 233, § 65.

CONTRACT. Writ dated June 30, 1930.

The action was tried in the Superior Court before *Morton*, J. There was a verdict against each defendant in the sum of $77,433.33. The defendants alleged exceptions.

*Joseph Wentworth*, for the defendant Murdock.

*W. H. Lewis*, for the defendant Coakley.

*R. H. Field*, (*C. C. McCarthy & H. P. Moulton* with him,) for the plaintiff.

QUA, J. This action is brought on a promissory note for $50,000, dated September 22, 1925, signed by the defendant Murdock as maker, payable in six months after date to the order of the defendant Coakley, and indorsed by Coakley. After verdicts for the plaintiff, the case is here on exceptions by each defendant.

Murdock had signed the note as maker while it was still a blank form and had left it with Coakley for the purpose, as Murdock contends and as Coakley admits, of enabling Coakley to raise the sum of $25,000 for Murdock's benefit. Coakley filled out the note by inserting the dates and the amount of $50,000 and his own name as payee, indorsed it and delivered it to one Crowley, since deceased, from whom he received $50,000 which he did not turn over to Murdock. The plaintiff is not a holder in due course, but holds the note only for the purpose of bringing this action. The case was therefore tried without objection on the theory that the rights of the parties are to be determined as if the action had been brought by Crowley.

We first consider Murdock's exceptions. His defence, as stated in his brief, was that Coakley had no authority to complete and deliver the note and that Crowley was not a

holder in due course, but had notice of Coakley's lack of authority and gave no value for the instrument. G. L. (Ter. Ed.) c. 107, §§ 36, 38, 47, 51 and 75.

There was no error in excluding questions to Coakley and to Murdock intended to show that Coakley did not inform Murdock that he had given the note to Crowley and that Murdock did not know of it until 1930. The time when Murdock learned of the note was not in itself an issue in the case. Coakley had already testified that he did not communicate to Murdock that he had given the note to Crowley, and both Coakley and Murdock testified fully as to the purpose for which Murdock had given the blank note to Coakley, and hence as to Coakley's authority with reference to it.

The judge struck out an answer given by Coakley while testifying as a witness to the effect that Crowley told Coakley shortly before Coakley gave the note to Crowley that Crowley was anxious to help him in an affair in Florida and could let him have $50,000, saying, "I will be glad to give it to you. I don't want to go into the business . . . for profit, but when you make your million, give me my money back." Murdock argues that this was evidence that Crowley intended to make a present to Coakley of the $50,000 in spite of the fact that the note for the same amount was offered by Coakley to Crowley and accepted by him after this talk and before the money was paid over. We attach little importance to the use of the word "give" in this connection. It might as well have been used in the broad sense of handing over or transferring as in the narrower sense of making a gift. The words "give me my money back" are inconsistent with the idea of an absolute gift, whatever may have been meant by "when you make your million." We think it very doubtful whether this evidence had any probative value at all. If it had, its force was so slight that striking it out could not have affected the verdict in view of the other evidence. It is incredible that there was no relation whatever of mutual exchange between the note and the money.

Turning now to Coakley's exceptions, if we assume that

Coakley made a proper motion for a directed verdict as required by Rule 71 of the Superior Court (1932), on the ground that no demand had been made on the maker and no notice of dishonor had been given to Coakley as indorser, there was no error in denying the motion. There was evidence from which the jury could find both that before the due date Coakley had indicated to Crowley that he himself was going to pay the note after it came due and that after the due date Coakley thanked Crowley for not presenting the note and promised to pay it. From this the jury could find a waiver of presentment and notice. *Gove* v. *Vining,* 7 Met. 212. *Kent* v. *Warner,* 12 Allen, 561. *Harrison* v. *Bailey,* 99 Mass. 620. *Hobbs* v. *Straine,* 149 Mass. 212. *Glidden* v. *Chamberlin,* 167 Mass. 486.

Coakley's next defence, as set forth in his answer, was that the note was delivered to the payee under an agreement that it should be enforceable only against "profits from Florida transactions which profits never accrued." He is bound by his answer, and cannot now contend that there was an agreement different from or broader than that alleged. Clearly an agreement of this sort would vary the terms of Coakley's promise to pay arising from his indorsement, and oral evidence of it would be incompetent. *Trahant* v. *Perry,* 253 Mass. 486. *Starks* v. *O'Hara,* 266 Mass. 310, and cases cited.

The evidence outlined in Coakley's offer of proof which was excluded was of that character. Crowley is alleged to have said that he wanted the note only to show to his wife; that he did not want her to know that it was "only a memorandum between us" and that Coakley was to pay it only if he made "his million down in Florida"; that the transaction was one of friendship to be kept separate from business; that "When, as, and if you get money from Florida you pay that, and until you get it I don't want it and won't take it." The suggestion is now made that this evidence could have been found to show that the note was never intended to take effect at all as a legal instrument creating rights, but was understood to be a mere sham or "jest" to be used only to show to Mrs. Crowley. This contention

is not open to Coakley under his answer. If it were open, we think the evidence offered would not support a finding that the note was an absolute nullity. At least it was to be the basis of a liability to repay the $50,000, if Coakley got "money from Florida." Giving the evidence offered its fullest effect, it would not destroy the instrument, but would only tend to vary it. Coakley's letters contained in the offer were self-serving statements and were excluded rightly.

There was no error in excluding the question which Coakley proposed to ask of the witness Egan as to whether Crowley, since deceased, told Egan that Crowley "would have to borrow money" and the reason why. If it be assumed that such a statement is the kind of declaration of a deceased person which the court may admit under G. L. (Ter. Ed.) c. 233, § 65, there is nothing to show that the judge found the preliminary facts necessary to make it competent. *Rothwell* v. *First National Bank of Boston*, 286 Mass. 417, 420. In any event, the bearing of the question upon any issue which Coakley could properly raise was so remote that its exclusion was not error.

We have considered all exceptions that have been argued.

*Exceptions of defendant Murdock overruled.*

*Exceptions of defendant Coakley overruled.*