THE FIRST NATIONAL BANK OF BOSTON *vs.* SAMUEL ZEICHICK & another.

Suffolk.    April 9, 1936. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Bills and Notes,* Waiver of presentment and notice of dishonor, Indorser.

That an indorser for the accommodation of the maker of a negotiable promissory note presently to become due indorsed a proposed renewal note which, upon its not being accepted by the holder of the original, was returned to the maker without knowledge of the indorser, did not as matter of law require a finding that the indorser had waived presentment, demand and notice of nonpayment of the original note.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated May 25, 1935.

The action was heard by *Brackett,* J., who found for the defendants. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*C. M. Goldman,* for the plaintiff.

*R. P. Boruchoff,* for the defendants.

CROSBY, J.    This is an action of contract, in which the plaintiff seeks to recover from the defendants as indorsers of two notes dated October 28, 1931, maturing four months after date, signed by Morris Ostroff, and payable to Morris Rudnick, in the sums of $1,500 and $750 respectively. The defendants, for answer, alleged that the plaintiff had failed

to make presentment and demand on the notes declared on, and had failed to give notice of nonpayment thereof to the defendants, and denied that they expressly or impliedly waived presentment, demand and notice.

There was evidence that the money had been lent to the maker, some time previously, on notes payable in four months; that the notes had been renewed from time to time by other notes payable in four months signed by the maker and indorsed by the defendants; that a day or two before the notes, other than the notes in suit, became due, the maker went to Rudnick with renewal notes indorsed by the defendants, which he, Rudnick, took to the bank on the due date and exchanged for the notes due that day; that a day or two before the notes declared on became due, Ostroff brought to Rudnick four months' renewal notes signed by himself, payable to Rudnick, and indorsed by the defendants, which on the due date Rudnick took to a clerk of the bank; that later this clerk gave the renewal notes back to Rudnick as unacceptable, and Rudnick returned them to the maker, and never received them back again. There was no evidence that the defendants were ever notified that the bank had refused to accept the renewal notes.

The plaintiff made nine requests for rulings, all of which except the fourth were denied. The plaintiff states in its brief that the only issue in the case is whether "the act of the defendants in indorsing the notes which were tendered in renewal of the notes in suit, though rejected, constituted as a matter of law a waiver of demand and notice of dishonor."

The trial judge found the following facts: "This is an action of contract on two promissory notes, both dated October 28, 1931, and both maturing four months after date, in the amounts of $1,500 and $750 respectively. Each of these notes was signed by one Ostroff and payable to one Rudnick and each was indorsed by the defendants for Ostroff's accommodation. Shortly before these notes became due, Ostroff requested the defendants to sign renewal notes for like amounts, each maturing four months after its date. The defendants complied with this request, and Ostroff took the notes to Rudnick duly indorsed by the defendants.

When Rudnick presented the notes to The Atlantic National Bank of Boston, the then holder, later consolidated with the plaintiff, for the purpose of renewal of the original notes, the bank refused to accept them, and Rudnick thereupon returned them to Ostroff. There was no evidence, however, that the defendants or either of them was ever notified that the bank had refused to accept the renewal notes. No notice of dishonor of the notes in suit was ever given to the defendants or either of them. Upon the foregoing facts, I find that the plaintiff did not sustain the burden of establishing by a fair preponderance of the evidence that the defendants or either of them waived demand and notice. I therefore find for the defendants."

Whether the indorsement of proposed renewal notes constituted a waiver of demand and notice of dishonor presented a question of fact. The trial judge was not required to find that it did. *Donovan Motor Car Co.* v. *Niles*, 246 Mass. 106. *Reid* v. *Doherty*, 273 Mass. 388. *Reardon* v. *Murdock*, 292 Mass. 362, 365. The subsidiary facts found by the trial judge warranted his ultimate finding that the plaintiff did not sustain the burden of establishing by a fair preponderance of the evidence that the defendants or either of them waived demand and notice. The evidence warranted the finding for the defendants. *Glidden* v. *Chamberlin*, 167 Mass. 486, 497. *Reardon* v. *Murdock*, 292 Mass. 362. We are unable to follow the case of *National Hudson River Bank* v. *Reynolds*, 57 Hun, 307, and the other cases cited by the plaintiff, so far as they are inconsistent with the result reached in the present case.

*Order dismissing report affirmed.*