Graupner :
The Commissioner moved to dismiss this appeal upon the ground that the Board was without jurisdiction on account of the petition not having been filed within 60 days after the mailing of the deficiency notice by the Commissioner to the taxpayer. The essential facts for consideration are as follows:
The Commissioner of Internal Revenue mailed the notice of deficiency to the above-named taxpayer on July 7, 1924. The notice was inclosed in an official envelope addressed to the taxpayer at 316 Fourth Avenue, Pittsburgh, Pa. The notice bore no date upon its face. However, it was received by the taxpayer in Pittsburgh on July 8. The taxpayer, in his petition on appeal, erroneously stated that the letter was mailed on July 6. As a defense to the motion to dismiss, the taxpayer contends that the Commissioner is estopped from asserting that the petition was not filed within 60 days because the deficiency notice bore no date.
It is our opinion that this defense is without merit. Section 274(a) of.-the Revenue Act of 1924 provides that “within sixty (60) days after such notice is mailed the taxpayer may file an appeal.” From this language it is obvious that it does not matter what date is stamped or printed on the face of the notice. The date from which the time begins to run is the date of mailing. Therefore, as the facts show that the notice was mailed on the 7th day of July and that the appeal was not filed until the 6th day of September, the appeal was not filed until the sixty-first day after the notice was mailed. This, therefore, obliges us to dismiss the appeal, upon the authority of the Appeal of Sam Satovsky. 1 B. T. A., 22, Appeal of Hatch & Bailey Co., 1 B. T. A., 25, and Appeal of William Frantze & Co., Inc., 1 B. T. A., 26.