Appeal of **UNITED TELEPHONE COM-**    Docket No. 761.
**PANY.**

> A deficiency notice is "mailed" within the meaning of section 274 (a) of the Revenue Act of 1924 when it is delivered into the custody of the post-office officials, or placed in a Government letter box, for transmission by mail.
>
> The 60 days within which an appeal may be filed under section 274 (a) begins at the expiration, at midnight, of the day on which the deficiency notice is mailed and ends at the expiration, at midnight, of the sixtieth day thereafter.

Submitted January 24, 1925; decided January 30, 1925.

*Alfred L. Geiger, Esq.*, and *A. Jay Miller, Esq.*, for the taxpayer.
*George K. Bowden, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

STERNHAGEN: The Commissioner moves to dismiss the appeal because the petition was not filed within 60 days as prescribed in section 274 (a) of the Revenue Act of 1924. The notice to the taxpayer of the deficiency was dated September 20, 1924; was admittedly mailed in Washington by registered mail on September 22, 1924, as

indicated by the postmark on the envelope; and was received by the taxpayer in Ohio on September 23, 1924. The taxpayer's petition to the Board was filed on November 22, 1924, which is urged by its counsel to be timely within the statute, because it "was filed on the sixtieth day from the taxpayer's receipt of notice and within the time allowed by section 274."

Section 274 (a) of the statute is as follows:

If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.

Subdivision (c) of the same section provides:

If the taxpayer does not file an appeal with the Board within the time prescribed in subdivision (a) of this section, the deficiency of which the taxpayer has been notified shall be assessed, and shall be paid upon notice and demand from the collector.

The question presented is, when does the 60 days begin to run? In *Satovsky's Appeal*, 1 B. T. A. 22, the end of the 60-day period was considered. In the appeal of *Hurst, Anthony & Watkins*, 1 B. T. A. 26, we said in respect of the beginning of the 60-day period, that "it does not matter what date is stamped or printed on the face of the notice (of deficiency). The date from which the time begins to run is the date of mailing." We see no reason, notwithstanding counsel's argument and our own further careful consideration, to modify this view. The statute uses the word *mailed*, and we are not at liberty to translate this into something other than *mailed* without unmistakable necessity. Webster's New International Dictionary, 1924, defines the word as follows:

MAIL, *v. t.* To deliver into the custody of the post-office officials, or place in a Government letter box, for transmission by mail; to post.

This brief definition is in accord with the decisions of the courts which we have been able to find, and no conflicting decisions have been brought to our attention. *Casco National Bank* v. *Shaw*, 79 Maine 376; 10 Atl. 67; *Wood* v. *Callaghan*, 61 Mich. 402; 28 N. W. 162; see also 22 Corpus Juris 99, and 21 Ruling Case Law 762.

The learned counsel for the taxpayer argue that section 274 (a) requires that the taxpayer shall be notified of the deficiency; that this means actual notice, and that he should not be expected to file his appeal until 60 days from the time he receives the notice. But there is nothing extraordinary in such a rule. There are many occasions known to the law in which the presumption is recognized that a paper mailed was received by the addressee and that the rights and remedies of the addressee shall be determined with relation to the date of mailing rather than the date of receipt.

The taxpayer presents illustrations of the possible hardship of such a rule. A taxpayer living in Manila is cited who, by the fastest mail would receive a notice from Washington 28 days after mailing, and more usually over 30 days, thus making it impossible to have the appeal seasonably filed. The Revenue Act of 1924 is not generally in effect in the Philippine Islands, except as it applies to all United States citizens all over the world. It could hardly be contended that a citizen in central Africa or the Arctic has the right to appeal within

60 days after he actually receives notice of the deficiency. This we do not regard as within the administrative plan of the statute. Section 274 (c), above quoted, authorizes the Commissioner to assess and collect the tax if the taxpayer does not appeal within 60 days. The Commissioner should have definite knowledge of the time when the assessment should be made. He should not be left to all the doubt and uncertainty of actual receipt by the taxpayer and the difficulties of establishing such receipt. The statute avoids this by providing that the date of mailing shall control, so that the Commissioner may assess and collect if within 60 days after he mails a notice of deficiency no appeal in respect thereof has been filed with the Board.

The period is exactly defined. " Within 60 days after such notice is mailed   *   *   *." The time begins *after* the date of mailing. If the statute had said within one day after mailing, it is obvious that the time would have excluded the date of mailing—all of the date, which means up to midnight—and required the filing to take place on the following day. The period, therefore, begins at midnight of the date of mailing. Since the filing must take place *within* 60 days, it must be before the last instant of the sixtieth day expires. If the appeal is filed with the Board before midnight at the end of the sixtieth day after the notice is mailed, it is timely; if not, the right granted by the statute is lost and the appeal must be dismissed.

The motion is granted and the appeal is dismissed.