DUANE M. TRAXLER AND MARION C. TRAXLER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5089–73. Filed October 25, 1973.

Duane M. Traxler and Marion C. Traxler, pro se.
*Bernard Nelson*, for the respondent.

---

## OPINION

DAWSON, *Judge:* In a statutory notice of deficiency dated March 29, 1973, respondent determined the following Federal income tax deficiencies and additions to tax against the petitioners:

| Taxable year | Deficiency | Addition to tax sec. 6653(a) [1] |
|---|---|---|
| 1969 | $368. 64 | $18. 43 |
| 1970 | 265. 26 | 13. 26 |

According to United States Post Office form 3877, application for registration of certified mail, the notice of deficiency was sent to petitioners at their last known address at 2110 Pleasant Parkway, Clearwater, Fla. The postmark date stamped on the form 3877 at Jacksonville is March 29, 1973. The envelope containing the notice of deficiency bears the stamped date "Mar 31, 1973" in two places. This date was placed on the envelope by the United States Postal Service at Clearwater, Fla.

The envelope containing the petition signed by the petitioners bears a United States post meter stamp of June 28, 1973, and a certified mail sticker. The petition was received and filed by this Court on July 2, 1973.

On August 20, 1973, respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was untimely filed on the 91st day after the notice of deficiency was mailed. On September 10, 1973, petitioners filed an objection to respondent's motion, contending that their petition was timely filed on the 89th day after the notice of deficiency was mailed.

It is petitioners' position that the postmark date (March 31, 1973) on the envelope should be treated as the date of mailing the deficiency notice rather than March 29, 1973, the certified mail receipt date. To the contrary, respondent claims that March 29, 1973, was the date the notice of deficiency was "mailed."

Section 6213(a) provides that within 90 days "after the notice of deficiency authorized in section 6212 is mailed" the taxpayer may file a petition with the Tax Court. Petitioners apparently contend that this statute is recipient oriented and thus the language "is mailed" should be interpreted to fix a date which can be determined by the recipient, and when there is a postmark date on the envelope containing the notice of deficiency, the taxpayer-recipient is entitled to rely on that date as the date of mailing. The argument is indeed appealing and logical.

The jurisdiction of the Tax Court depends in part upon when the notice of deficiency "is mailed." The term itself it not precise, and the legislative history shows only that such date is *not* the date of actual

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated

receipt by the taxpayer. See Seidman's Legislative History of Federal Income Tax Laws (1938–1861) p. 759; *United Telephone Co.*, 1 B.T.A. 450 (1925).

There are at least three dates which might fit the mailing requirement: (1) the date on the notice of deficiency; (2) the date on which the Internal Revenue Service physically delivers the notice to the Post Office; and (3) the date of the postmark. In the usual case these dates will all be identical, but that does not prohibit or excuse us from choosing among them when they conflict.

The notice of deficiency refers taxpayers to the date appearing at the top of the notice. However, it is settled law that the date appearing on the notice of deficiency is not the date of mailing (although the dates may coincide). See *Hurst, Anthony & Watkins*, 1 B.T.A. 26 (1924); *Southern California Loan Association*, 4 B.T.A. 223 (1926); *United Telephone Co., supra.* These early cases show that the Internal Revenue Service then commonly prepared and dated deficiency notices well before mailing. Although present practice appears to be different, it seems best not to make taxpayers dependent on the efficiency of the Internal Revenue Service, an organization having interests adverse to their own. It is not necessary for us to question the Commissioner's good faith; it is enough to realize that taxpayers might do so.

The date of physical delivery to the Post Office seems at first to be a reasonable choice. It is the regular practice of the Internal Revenue Service to keep a record of this date, so it has the advantage of being readily ascertainable. It also has the support of dictum. See *United Telephone Co., supra.* But in that case the taxpayer argued only that his time should run from the date he actually received the notice of deficiency. To refute this argument the Board merely referred him to Webster's New International Dictionary (1924): "Mail, v.t. To deliver into the custody of the post-office officials, or place in a Government letter box, for transmission by mail; to post." The Board did not have before it a case where the date of physical delivery differed from the date of the postmark. "The notice * * * was admittedly mailed in Washington by registered mail on September 22, 1924, as indicated by the postmark on the envelope." 1 B.T.A. at 450–451. Thus *United Telephone Co.* does not stand in our way if the date of deposit with the Post Office proves unsatisfactory.

The difficulty with the date of deposit of certified mail with the Post Office is that the taxpayer has no knowledge of when it is. Ordinarily, of course, it will correspond with the postmark, if there is one, and the date on the notice of deficiency. But we are not considering the ordinary case here. Generally the taxpayer will rely on the date appearing on the notice of deficiency, since the notice instructs him to do so and

since it is likely to be the earliest date, and thus the safest to rely on. However, the law does not require him to rely on that date; he may rely on the date of mailing. If we say that the date of mailing is the date of the certified mail deposit with the Post Office *in every case*,[2] then the taxpayer must wonder what day that is. Without knowledge of that date, he may choose to rely on the deficiency notice date, but then we have denied him what the law allows him.

Certainly in everyday parlance a postmark date is regarded as the date of mailing. Normally if one is asked when a letter "is mailed," he will look to the postmark. That is obviously what the petitioners did in this case. They saw the date "Mar. 31, 1973" on the envelope. The best evidence of the postmark date is the postmark itself. Without it, the next best evidence is the Commissioner's receipt for certified mail. This will not place any additional burden on the Internal Revenue Service. If its receipt for certified mail shows that more than 90 days has passed, the normal challenge to jurisdiction will be forthcoming. Only in cases where the postmark carries a later date can the petitioner successfully resist. In no case will the Commissioner's certified mail procedure need to be changed.

Where, as here, the word "mailed" is capable of two interpretations, we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language. To accept the postmark date under these particular circumstances and thus save jurisdiction would, in our judgment, be reasonable and proper.

Accordingly, we conclude that the notice of deficiency was "mailed" on March 31, 1973. Since the petition was mailed on June 28, 1973, it was timely filed on the 89th day. Respondent's motion to dismiss for lack of jurisdiction will be denied.

*An appropriate order will be entered.*

---

[2] See and compare *Raymond S. August,* 54 T.C. 1535 (1970), and particularly fn. 2 on p. 1539.