DUANE M. TRAXLER AND MARION C. TRAXLER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5089-73.     Filed February 10, 1975.

Duane M. Traxler and Marion C. Traxler, pro se.
*Kenneth B. Wheeler,* for the respondent.

SUPPLEMENTAL OPINION

STERRETT, *Judge:* In our opinion deciding a procedural issue involved in this case ( 61 T.C. 97 (1973)), we denied respondent's motion to dismiss the case for lack of jurisdiction since we concluded that the petition herein was timely filed. The particular issue involved therein was the question of when a notice of deficiency was "mailed" for purposes of section 6213(a) where the date of the postmark on the envelope containing the notice differed from both the date on which the Internal Revenue Service physically delivered the notice to the Post Office and the date on the notice itself. We held, in effect, that the date of "mailing" was the date of the postmark on the envelope containing the notice. In cases where there is no postmark, we would then look to the date of the postmark on the postal receipt for the certified mailing (Form 3877) of the notice received by the respondent, which shows the date on which the Internal Revenue Service physically deposited the notice with the Post Office.

The case was then scheduled for a hearing on the merits on December 2, 1974. On that date respondent filed a document entitled "Motion for Reconsideration and Revision of Opinion" with this Court along with an accompanying memorandum of law in support of his motion.

Implicit in the holding in our original opinion in this case, that the petition was timely filed on the 89th day after the notice was mailed, was the assumption that one, or both, of the two stamped dates "March 31, 1973" placed on the envelope containing the notice by the Clearwater, Fla., Post Office was a postmark. Because the holding in our original opinion was based upon the aforementioned assumption which resulted from the incomplete presentation of the facts by the respondent in the original hearing and which, upon the offer of further proof, we now consider erroneous, we conclude and hold that the petition in this case was not timely filed.

All findings of fact in our original opinion are incorporated herein by this reference. At the hearing scheduled for the merits of this case, the Court allowed respondent to offer further proof with respect to the nature of the two stamped dates "March 31, 1973" placed on the envelope containing the notice of deficiency. From the testimony of Post Office employees from both Jackson-

ville, Fla., the place of mailing of the notice, and Clearwater, Fla., the place to which the notice was mailed, and from regulations in a Post Office manual in effect in March 1973, describing a postmark, we conclude that neither of the two stamped dates "March 31, 1973" was a postmark.

These two dates, which are best described as line date stamps, were placed on the envelope containing the notice at Clearwater, Fla., for internal mail control purposes only. We think that, at the time of the mailing of the notice herein, an official postmark on which a taxpayer could rely in order to determine the date of mailing of a notice was a circular mark which contains the name of the Post Office (or the caption "U.S. Postal Service" along with the State abbreviation and identifying number of the Sectional Center Facilities) and the date of mailing. See Postal Manual (now Postal Services Manual), Part 332.3 (8-20-71 Issue 20). Cf. *United States v. Maude,* 481 F. 2d 1062 (D.D.C. 1973). The line dates stamped on the envelope containing the notice do not bear any resemblance to such a postmark. While it is indeed unfortunate that petitioners relied on one or both of these line dates, such markings are not postmarks and thus do not determine the date of mailing of the notice for purposes of section 6213(a).

Since there was no postmark on the envelope containing the notice of deficiency, the date of mailing of the notice herein for section 6213(a) purposes is the date on which the Internal Revenue Service deposited the notice with the Post Office as evidenced by the date of the postmark stamped on the postal receipt for certified mail (Form 3877). In this case that date is March 29, 1973, and, consequently, the petition at issue, which was mailed on June 28, 1973, was untimely filed on the 91st day after the mailing. Respondent's motion to dismiss for lack of jurisdiction must be granted.

*An appropriate order will be entered.*