ROBERT T. TOPPIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Toppin v. Commissioner
Docket No. 5096-75
United States Tax Court
T.C. Memo 1976-154; 1976 Tax Ct. Memo LEXIS 246; 35 T.C.M. (CCH) 693; T.C.M. (RIA) 760154; May 19, 1976, Filed Hugh J. Scallon, for the petitioner. John O. Kent, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case is before us upon petitioner's motion for reconsideration of an order entered September 11, 1975, dismissing *247 this case for lack of jurisdiction. In a statutory notice of deficiency dated March 5, 1975, the Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1971 in the amount of $2,793. As shown by the postmark date stamped on Postal Service Form 3877, Application for Registered, Registered C.O.D. and Certified Mail, the statutory notice of deficiency was mailed by certified mail on March 5, 1975, to petitioner's last known address: 901 Bernard Drive, Fullerton, California 92632. The envelope in which the statutory notice of deficiency was mailed bears no postmark as defined by Postal Service Regulations. However, the envelope in which the statutory notice of deficiency was mailed bears two stamped line dates, "March 6, 1975" and "March 11, 1975." Neither stamped date is a postmark as defined in Postal Service Regulations; rather, each is an administrative control date. The first attempt by the Postal Service to deliver the Commissioner's notice of deficiency was made on March 6, 1975. At that time, a notice to pick up the Commissioner's notice of deficiency was left by the mail carrier in petitioner's mailbox. A "Final Notice of Mail Arrival *248 or Attempted Delivery," Postal Service Form 3849, was left in petitioner's mailbox on March 11, 1975. Petitioner's wife received the Commissioner's notice of deficiency on March 12, 1975, at Fullerton, California, post office. Petitioner thereupon took the statutory notice of deficiency to his accountant.Petitioner's accountant attempted to schedule a District Conference with one of the Commissioner's representatives for late June or early July 1975. The accountant had no direct reply concerning his request for a District Conference as of June 4, 1975. For the mailing date, petitioner's accountant relied on the March 6, 1975, date stamped on the envelope which contained the statutory notice of deficiency. Petitioner mailed his petition by certified mail to the United States Tax Court on June 4, 1975, and it was filed with this Court on June 10, 1975. Petitioner maintains that the March 6, 1975, date on the envelope was reasonably assumed to be the date of mailing of the deficiency notice rather than March 5, 1975, the certified mail receipt date. Respondent contends that March 5, 1975, was the date the notice of deficiency was "mailed" and, consequently, pursuant to section *249 6213(a), [1] Internal Revenue Code of 1954, the petition was untimely and that we do not have jurisdiction to redetermine the deficiency. *250 Petitioner's position was considered in Duane M. Traxler,61 T.C. 97, 98 (1973), modified 63 T.C. 534 (1975): Section 6213(a) provides that within 90 days "after the notice of deficiency authorized in section 6212 is mailed" the taxpayer may file a petition with the Tax Court. Petitioners apparently contend that this statute is recipient oriented and thus the language "is mailed" should be interpreted to fix a date which can be determined by the recipient, and when there is a postmark date on the envelope containing the notice of deficiency, the taxpayer-recipient is entitled to rely on that date as the date of mailing. The argument is indeed appealing and logical. * * * The parties agree that the facts in the instant case are the same as those presented in Duane M. Traxler,supra.
In the initial Traxler opinion, we held that the date of "mailing" was the stamped date of postmark on the envelope containing the notice. Upon a "Motion for Reconsideration and Revision of Opinion" filed by respondent, we allowed respondent to present further evidence which disclosed the line dates should not be considered postmarks. In our supplemental *251 opinion, Duane M. Traxler,63 T.C. 534 (1975), we held that since there was no postmark on the envelope containing the notice of deficiency, the date of mailing was best governed by the date on which the notice was deposited with the post office as evidenced by the date of the postmark stamped on the postal receipt for certified mail (Form 3877). The logical nature of petitioner's contentions was previously considered and rejected in Duane M. Traxler,supra, and we must, therefore, conclude that because the notice of deficiency was mailed on March 5, 1975, the petition was untimely mailed on June 4, 1975, the 91st day after the mailing of the notice of deficiency. As an alternative contention, petitioner submits that the statutory notice is invalid on its face because there was no means available to petitioner to determine when the statutory 90-day period commenced. More specifically, in petitioner's words, "What good is a warning to do something within a particular time, if the notice does not state when that time commences, or worse, shows a misleading date?" Petitioner has not directed us to any cases in support of holding the statutory notice invalid. *252 Had petitioner relied upon March 5, 1975, the date stamped on the statutory notice, his petition would have been timely. We believe that his contentions are similar to those that have arisen when a taxpayer receives, as petitioner did, actual notice of the deficiency within ample time to assert his case before the Tax Court. Delman v. Commissioner,384 F.2d 929, 933-934 (3d Cir. 1967), affg. a Memorandum Opinion of this Court, cert. denied 390 U.S. 952 (1968); Milton Berger,48 T.C. 848 (1967), affd. 404 F.2d 668 (3d Cir. 1968), cert. denied 395 U.S. 905 (1969).
The purpose of the procedural provisions, sections 6212 and 6213, is to establish a procedure which results in a high probability that the taxpayer will receive notice of any deficiency determined against him. Clement Brzezinski,23 T.C. 192 (1954). Petitioner received actual notice within ample time to file a timely petition and any concern on his part regarding the day on which the statutory period commenced could have been easily resolved. Petitioner's statutory notice, as with most notices, provided him with a "person to contact" *253 and a "contact telephone number" whereby he could have ascertained the date of mailing. Moreover, the "Notice of Attempted Delivery" and the certified letter containing the statutory notice of deficiency disclosed an article number which we assume could have been traced by the Postal Service to provide the date of mailing. An appropriate order will be entered. Footnotes
1. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.-- Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 or 43 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.↩