ALBERT T. CASQUEIRA AND KATHLEEN D. CASQUEIRA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Casqueira v. Commissioner
Docket No. 2431-81
United States Tax Court
T.C. Memo 1981-428; 1981 Tax Ct. Memo LEXIS 310; 42 T.C.M. (CCH) 656; T.C.M. (RIA) 81428; August 13, 1981. Donald B. Brown, for the petitioners. Peter D. Bakutes, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and on petitioners' Motion for Default of Respondent. The parties agree that if we grant respondent's motion, petitioners' motion becomes moot. Accordingly, we will first address respondent's motion, namely whether petitioners timely filed their petition. In an undated statutory notice, respondent determined a $ 2,043 deficiency in petitioners' 1978 income tax, *311 plus an addition to tax for negligence under section 6653(a) [1] of $ 102. A postmark date stamped on Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, indicates that respondent mailed the statutory notice of deficiency on October 31, 1980. The franked envelop in which the statutory notice was mailed bears no postmark. Petitioner Kathleen D. Casqueira testified she believed she received the Commissioner's notice of deficiency sometime between November 17 and November 21, 1980. Petitioners mailed their petition by certified mail to the United States Tax Court on February 5, 1981, the 97th day after respondent mailed the notice of deficiency, and it was filed with this Court on February 9, 1981. Petitioners contend that under the circumstances of this case, they timely filed their petition because (1) the notice of deficiency is not dated, (2) the envelope in which respondent mailed the notice bears no postmark, and (3) petitioners mailed their petition within 90 days of the time they received the notice of deficiency. Alternatively, *312 petitioners assert that, despite the postmark date stamped on Postal Service Form 3877, we should find that respondent did not mail the notice on October 31, 1980, but on some later date, and that their petition was timely filed. Respondent, on the other hand, contends that he has proven that the notice was mailed on October 31, 1980, and thus petitioners did not timely file their petition. We agree with respondent. Section 6213(a) provides: Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Several early cases interpreting predecessor provisions to section 6213(a) have held that the actual date on which respondent mailed the notice controls the period within which a taxpayer must file his petition regardless of the date on the notice or the taxpayer's knowledge of the date of mailing. Southern California Loan Association v. Commissioner, 4 B.T.A. 223 (1926); United Telephone Co. v. Commissioner, 1 B.T.A. 450 (1925); Hurst, Anthony & Watkins v. Commissioner, 1 B.T.A. 26 (1924). Relying on *313 these cases, we stated in Traxler v. Commissioner, 61 T.C. 97, 99 (1973), modified 63 T.C. 534 (1975): The notice of deficiency refers taxpayers to the date appearing at the top of the notice. However, it is settled law that the date appearing on the notice of deficiency is not the date of mailing (although the dates may coincide). [Citations omitted.] In the initial Traxler opinion we noted that where the postmark appearing on the envelope containing the notice is later than the postmark on Postal Service Form 3877, a taxpayer may reasonably have relied on the later date to his detriment. Accordingly, we held that the later postmark controlled. In our supplemental opinion, Traxler v. Commissioner, 63 T.C. 534 (1975), we found that line date stamps on the envelope which we mistakenly took for postmarks in our initial opinion were not postmarks, and thus not controlling. Instead we relied on the postmark on Postal Service Form 3877. In the present case no date can be found on either the notice or the envelope. However, the absence of these dates has no effect on the 90 day period in the present circumstances. Section 6213(a) *314 and the cases construing it are clear that the 90 day period runs from the mailing of the notice. Accordingly, we must determine the date on which respondent mailed the notice of deficiency. Respondent must bear the burden of establishing the date of mailing the notice because (1) this information is peculiarly within his knowledge, and (2) it is respondent's Motion to Dismiss for Lack of Jurisdiction which is being considered. Southern California Loan Assoc. v. Commissioner, supra.
In Traxler, supra, and Toppin v. Commissioner, T.C. Memo. 1976-154 (1976), we found that respondent mailed the notices on the dates of the postmark on Postal Service Form 3877. We reach the same conclusion here. Petitioner Kathleen D. Casqueira's testimony that she received the notice sometime between November 17 and November 21, 1980, was vague and indefinite. Even assuming that petitioners did receive the notice during that period, we still believe the evidence introduced by respondent regarding the normal procedure for preparing and mailing notices of deficiency, when considered with the postmark on the Postal Service Form 3877, establishes that respondent *315 mailed the notice on October 31, 1980. Petitioners received actual notice in ample time to file their petition. Any concern regarding the day on which the statutory period commenced could have been easily resolved had petitioners contacted the "Person to Contact" at the "Contact Telephone Number" listed on their notice of deficiency. [2]
Since petitioners filed their petition more than 90 days after respondent mailed the notice of deficiency, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. See Toppin v. Commissioner, T.C. Memo. 1976-154↩ (1976).