PHILLIP W. MEADER AND LYDIA MEADER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meader v. Commissioner
Docket No. 18892-81.
United States Tax Court
T.C. Memo 1982-288; 1982 Tax Ct. Memo LEXIS 462; 43 T.C.M. (CCH) 1472; T.C.M. (RIA) 82288; May 24, 1982. *462 This case is presently before us on respondent's Motion to Dismiss for Lack of Jurisdiction. Petitioners received a statutory notice bearing the date April 6, 1981. Because such date was somewhat smudged, petitioners read it to be April 8, 1981. However, the postal receipt (the Form 3877) received by respondent upon the certified mailing of the notice of deficiency bore the April 6, 1981 postmark. Held, in absence of the postmark on the envelope containing the statutory notice, the postmark on the Form 3877 is the date of mailing for purposes of section 6213(a). Accordingly, respondent's motion to dismiss is granted. Gary B. Larson, for the petitioners. James J. Everett, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This *463 case is presently before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed pursuant to Rule 53, Tax Court Rules of Practice and Procedure. The sole issue for decision is whether petitioners timely filed their petition herein as required under section 6213(a), I.R.C. 1954. Petitioners Phillip W. Meader and his wife, Lydia, were residents of Avondale, Arizona at the time of filing the petition herein. On April 6, 1981 respondent mailed a statutory notice of deficiency to petitioners at their last known address in which he determined deficiencies for the taxable years 1975 through 1979, inclusive, and additions to tax pursuant to section 6653(a) for the taxable years 1978 and 1979. Petitioners filed their petition with this Court on July 13, 1981. The envelope in which such petition was mailed to the Tax Court bears a postmark dated July 7, 1981, which date is 92 days after the mailing of the notice of deficiency. In order for a taxpayer to be entitled to litigate in this Court, a petition for redetermination must be filed by that taxpayer within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the proper *464 mailing by the Commissioner of the notice of deficiency. Sec. 6213(a). Failure to so file will result in the dismissal of the case since timely filing is a prerequisite to the jurisdiction of this Court. Shipley v. Commissioner,572 F.2d 212, 213 (9th Cir. 1977), affirming a Memorandum Opinion of this Court; Minuto v. Commissioner,66 T.C. 616, 618 (1976); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). Petitioners argue that their mailing was timely because it occurred within 90 days of the date stamped at the top of the notice of deficiency, which they claim to be April 8, 1981 rather than April 6, 1981. Admittedly, such date is somewhat smudged, and a cursory examination of it might create the mistaken belief that the date is April 8. However, closer scrutiny clearly reveals that the chronologically earlier date is the correct one. [1]
The fact that petitioners reasonably may have misread the date at the top of the deficiency notice does not save them, for section 6213(a) requires that the petition *465 be mailed within 90 days after the notice of deficiency is mailed. As we said in Traxler v. Commissioner,63 T.C. 534, 535-536 (1975), modifying Traxler v. Commissioner,61 T.C. 97 (1973), the date of "mailing" is the date of the postmark on the envelope containing the statutory notice, and in the absence of such, it is the date of the postmark on the postal receipt, the Form 3877, received by respondent upon the certified mailing of the notice. The envelope which contained the notice of deficiency is not in the record. Therefore, we must turn to the submitted Form 3877, which clearly bears a postmark dated April 6, 1981. Accordingly, we find April 6, 1981 to be the mailing date for purposes of section 6213(a). [2]
*466 Because the notice was mailed on April 6, 1981 and the petition mailed on July 7, 1981, such petition was not mailed within the 90-day period as required by section 6213. [3] Therefore, we have no jurisdiction over the case. [4]
An appropriate order will be entered.
Footnotes
1. Comparison of the smudged "6" with the "8" in "1981" makes it clear that the two numbers are not the same.↩
2. The date of mailing unequivocally is not the date stamped at the top of the notice of deficiency. It is well settled that neither party can rely on this date. Traxler v. Commissioner,61 T.C. 97, 99 (1973), modified Traxler v. Commissioner,63 T.C. 534 (1975); Southern California Loan Association v. Commissioner,4 B.T.A. 223 (1926). See Casqueira v. Commissioner,T.C. Memo. 1981-428↩.
3. The 90-day period for timely filing expired on Monday, July 6, 1981, which was actually the 91st day since the 90th day fell on July 5, 1981, a Sunday. See sec. 6213(a)↩. Monday, July 6, 1981, was not a legal holiday in the District of Columbia. 4. This decision does not have the effect of depriving petitioners of their right to contest respondent's determination, for they can bring a refund suit in district court or the Court of Claims; it simply denies them the privilege of contesting the determination in the Tax Court. See McCormick v. Commissioner,55 T.C. 138, 142 (1970); Houghton v. Commissioner,48 T.C. 656, 662-663↩ (1967).