KENNETH H. WINCHELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Winchell v. Commissioner
Docket No. 17627-80.
United States Tax Court
T.C. Memo 1983-221; 1983 Tax Ct. Memo LEXIS 565; 45 T.C.M. (CCH) 1376; T.C.M. (RIA) 83221; April 25, 1983. *565 On the 90th day after respondent mailed the notice of deficiency, P placed his petition in the hands of a private air express service, which hand-delivered it to the Court on the 91st day. Respondent did not move to dismiss the petition but answered it, denying P's assignments of error and most of his allegations of fact. The case was subsequently tried and briefed on the merits by the parties. Shortly thereafter the Court noticed that the petition may not have been timely filed. Accordingly, the parties were ordered to show cause why the case should not be dismissed for lack of jurisdiction. Held, the Court can and should at any time, on its own motion, question its jurisdiction to hear and decide a case. Held further, the period of time in which a taxpayer must file a petition with the Court begins to run from the date on which the notice of deficiency is mailed by the Commissioner and not from the date on which it is received by the taxpayer. Sec. 6213(a), I.R.C. 1954. Held further, the timely-mailing/timely-filing provisions of section 7502, I.R.C. 1954, do not apply where the taxpayer places the petition in the hands of a private air express service for delivery to the Court. *566 Blank v. Commissioner,76 T.C. 400 (1981), followed. Held further, the petition was not timely filed and must therefore be dismissed for lack of jurisdiction. Charles F. Murray, for the petitioners. Benjamin A. de Luna, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is before us on the Court's own motion to dismiss for lack of jurisdiction. The issues for decision with respect thereto are as follows: 1. Whether the Court on its own motion may inquire into its jurisdiction to hear and decide a case after that case has been tried and briefed on the merits by the parties. 2. Whether the period of time given a taxpayer to file a petition with the Court begins to run from the date on which the notice of deficiency is mailed by the Commissioner or the date on which it is received by the taxpayer. 3. Whether the timely-mailing/timely-filing provisions of section 7502[1] *567 apply where the taxpayer places the petition in the hands of a private air express service for hand-delivery to the Court. Facts
Petitioner resided in Breckenridge, Colorado at the time that he filed his petition in this case. He filed a Federal income tax return for the calendar year 1975 with the Internal Revenue Service. On Wednesday, June 18, 1980 respondent mailed a notice of deficiency to petitioner at this last known address in Colorado. In the notice respondent determined the followiong deficiency in petitioner's Federal income tax and additions to tax for 1975: Additions to Tax
Deficiency
Section 6651(a)(1)
Section 6653(a)
$341,662
$85,416
$17,958
At 1:00 p.m. on Tuesday, September 16, 1980 petitioner's former attorney placed in the hands of a private air express service in Denver, Colorado, a 17-page petition disputing the deficiency and additions to tax. September 16 was the 90th day after respondent mailed the statutory notice and was not a legal holiday in the District of Columbia. At 9:50 a.m. on Wednesday, September 17, 1980 the express service hand-delivered the petition to the Court in Washington, D.C. After the petition was filed with the Court, a copy was served on respondent. However, respondent did not move with respect to the petition but filed an answer denying petitioner's *568 assignments of error and most of his allegations of fact. The parties subsequently tried this case and briefed the issues on the merits. At no time did either party suggest that we might lack jurisdiction to hear and decide the case. Issue 1. Jurisdiction to Determine Jurisdiction
Shortly after this case had been briefed, the Court noticed that the petition may not have been timely filed. Accordingly, we issued an order to show cause why this case should not be dismissed for lack of jurisdiction. Both parties filed a response. Although neither questioned the propriety of our order, we think we should briefly address that matter in view of its importance. It is well settled that this Court can proceed in a case only if it has jurisdiction and that either party, or the Court sua sponte, can question jurisdiction at any time. Brown v. Commissioner,78 T.C. 215, 218 (1982); Shelton v. Commissioner,63 T.C. 193, 197-198 (1974); National Committee to Secure Justice, Etc. v. Commissioner,27 T.C. 837, 839 (1957); First Nat. Bank of Wichita Falls, Trustee v. Commissioner,3 T.C. 203, 215 (1944). As we stated in Wheeler's Peachtree Pharmacy, Inc. v. Commissioner,35 T.C. 177, 179 (1960), *569 "questions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." In other words, we have jurisdiction to determine jurisdiction. Issue 2. Commencement of the Jurisdictional Filing Period
It is clear that the Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance by the Commissioner of a notice of deficiency and the timely filing of a petition by the taxpayer. Sections 6212, 6213, and 7442; Brown v. Commissioner,78 T.C. at 220; Rule 13(a) and (c), Tax Court Rules of Practice and Procedure. Because the timely filing of a petition is a jurisdictional prerequisite, an untimely petition must be dismissed. Brown v. Commissioner, supra;Malekzad v. Commissioner,76 T.C. 963, 965-966 (1981); see section 6213(c). Section 6213(a) prescribes the period within which a timely petition must be filed. It provides as follows: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of *570 Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * [Emphasis added.] See also section 301.6213-1(a)(1), Proced. & Admin. Regs. Petitioner admits that the notice of deficiency was mailed on June 18, 1980. However, he alleges that it was not received by him "until several days later." We are not sure whether he means to imply by this allegation that the period of time within which a petition must be filed with the Court begins to run from the date on which the statutory notice is received by the taxpayer. If that is his contention, it is without merit. Section 6213(a) clearly provides that the petition must be filed within a specified period after the notice of deficiency is mailed to the taxpayer, not after it is received by the taxpayer. See Traxler v. Commissioner,61 T.C. 97, 98-99 (1973), modified 63 T.C. 534 (1975). Issue 3. Applicability of Section 7502
The petition in this case was hand delivered to the Court on the 91st day. We must therefore dismiss the case for lack of jurisdiction unless the timely-mailing/timely-filing provisions of section 7502 apply. [2] *572 That section treats a petition as *571 timely filed if it is timely mailed. See section 7502(a)(2)(B); section 301.7502-1(c)(1)(ii), Proced. & Admin. Regs. Petitioner contends that he "mailed" his petition to the Court "by express service" on September 16, the 90th day, and that it was therefore timely filed. We disagree. In Blank v. Commissioner,76 T.C. 400 (1981), we considered the identical contention and rejected it. We held that "section 7502 does not apply when delivery is made by a private delivery service rather than by the U.S. Postal Service." 76 T.C. at 407. [3] That holding applies equally here and compels us to dismiss this case for lack of jurisdiction. Our dismissal of this case may seem like a harsh result. However, we cannot *573 ignore jurisdictional questions. What is truly regrettable is that dismissal of the petition could have very easily been avoided if it had been mailed on September 16 by certified or registered mail. [4] See section 7502(c); section 301.7502-1(c)(2), Proced. & Admin. Regs. The use of certified or registered mail would have guaranteed that the petition would be treated as timely-filed. We would then have had jurisdiction to hear and decide this case. [5] *574 To reflect the foregoing, An order dismissing the case for lack of jurisdiction will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of issuance of the statutory notice (June 18, 1980).
2. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) GENERAL RULE.-- (1) DATE OF DELIVERY.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of deliver or the date of payment, as the case may be. (2) MAILING REQUIREMENTS.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.↩
3. See also Wilson v. Commissioner,T.C. Memo. 1980-258↩, where we reached exactly the same conclusion.
4. Indeed, the petition could have merely been deposited in the mail in the United States with sufficient postage prepaid on September 16. If the envelope were postmarked on that day, the petition would have been treated as timely-filed. See section 7502(a)↩. As stated above, the risk that the petition would not have been postmarked on the critical day could have been overcome by the use of certified or registered mail. See section 301.7502-1(c)(2), Proced. & Admin. Regs. 5. Of course, petitioner can still obtain judicial review of the substantive issues, but he will first have to pay the deficiency determined by respondent, file a refund claim, and then sue within the statutory period for the refund in the appropriate United States District Court or the United States Claims Court. See sections 7422(a) and 6532(a); Flora v. United States,362 U.S. 145↩ (1960).