BILL WRIGHT TOYOTA, INC., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bill Wright Toyota, Inc. v. Commissioner
Docket No. 22854-90.
United States Tax Court
T.C. Memo 1992-344; 1992 Tax Ct. Memo LEXIS 359; 63 T.C.M. (CCH) 3146; June 15, 1992, Filed *359 An appropriate order will be entered. Stephen H. Boyle, for petitioner. Terri A. Merriam, for respondent. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the grounds of an untimely filed petition. Respondent contends the notice of deficiency for petitioner's taxable year ending October 31, 1986, was mailed via certified mail to petitioner's last known address on July 11, 1990, as evidenced by respondent's certified mailing list (Form 3877) and the notice of deficiency. [1] Thus, according to respondent, the 90-day period for timely filing the petition with the Court would have expired on October 9, 1990, which date was not a Saturday, Sunday, or holiday in the District of Columbia. The petition was mailed in an envelope bearing a private postage meter stamp dated October 10, 1990, which date was 91 days after July 11, 1990, and was filed on October 15, 1990, 96 days after July 11, 1990. *360 The notice of deficiency was deposited by respondent at the St. James Park Station Post Office in San Jose, California on July 11, 1990. Although the envelope was addressed to petitioner in Bakersfield, California, the envelope was somehow routed to the Salinas, California Post Office which imprinted the back of the envelope with three circular stamps joined by a series of seven horizontal lines. Each circular marking contained the following information: "Salinas, CA XXX; [2]    p.m.; July 12, 1990." If the 90-day period for timely filing a petition with the Court were to commence on July 12, 1990, the parties agree the petition herein would have been timely mailed and, therefore, timely filed pursuant to section 7502. [3]
Section 164.11 of the Domestic Mail Manual defines a postmark as "a postal cancellation which contains the post office name, state, and zip code, and month, day, and year the canceling *361 post office accepted custody of the material, [with exceptions not relevant here]." Section 423.3 of the Postal Operations Manual [4] describes a postmark as showing at least the full name of the post office, state abbreviation and zip code, if authorized. Mass mailings by government agencies (i.e., metered or franked), are not required to be postmarked unless the agency requests a specific mailing be postmarked. Id. sec. 423.35. Respondent contends none of the markings on the back of the envelope constitute a postmark and, therefore, cannot serve to indicate the beginning of the 90-day statute of limitations under section 6213(a). A witness for respondent, a postal service employee, testified that a postmark is generally placed on the front of an envelope and the markings on the subject envelope (which she described as postmarks) were placed there only for control purposes, because government mail is not required to be postmarked. Both parties cite our *362 opinion in Traxler v. Commissioner, 61 T.C. 97 (1973), modified 63 T.C. 534 (1975). In Traxler, we noted that where the postmark appearing on the envelope containing the notice is later than the postmark on Postal Service Form 3877, a taxpayer may reasonably have relied on the later date to his detriment. Accordingly, we hold that the later postmark controlled. We concluded, therefore, the Traxler petition was timely mailed. Upon a "Motion for Reconsideration in Revision of Opinion" filed by respondent, we allowed respondent to present further evidence which disclosed that the markings in question were not postmarks, but were considered line dates. We stated "an official postmark on which a taxpayer could rely in order to determine the date of mailing of a notice was a circular mark which contains the name of the Post Office (or the caption "U.S. Postal Service" along with the State abbreviation and identifying number of the Sectional Center Facilities) and the date of mailing." Traxler v. Commissioner, 63 T.C. at 536 (emphasis added). Thus, in the Supplemental Opinion, we modified our previous opinion since *363 the markings were not postmarks and thus did not determine the date of mailing for purposes of section 6213(a). Accordingly, the date of mailing was the date on which the notice was deposited with the Post Office as evidenced by the date of the postmark stamped on the Form 3877. See also Toppin v. Commissioner, T.C. Memo. 1976-154, wherein the envelope containing the notice of deficiency bore two stamped line dates. In that case we found neither stamped date was a postmark as defined in postal service regulations, but, rather, they each were an administrative control date. We hold that the markings on the back of the envelope bearing petitioner's notice of deficiency constitute postmarks. The witness from the post office referred to them as such, and they comport with the definitions in official post office manuals. The fact that the postmark was on the back of the envelope did not detract from petitioner's being able to discern it as a postmark. As noted in Traxler v. Commissioner, 61 T.C. at 100, where the postmark appearing on the envelope containing the notice is later than the postmark on Form 3877, the later postmark controls. *364 Accordingly, we conclude the date of the postmark on the back of the envelope bearing petitioner's notice of deficiency is the controlling date, and petitioner is entitled to rely on same as the beginning date for the 90-day period as provided in section 6213(a). Therefore, petitioner's petition was timely filed. Accordingly, we will deny respondent's motion. An appropriate order will be entered. Footnotes
1. The notice of deficiency itself was dated July 11, 1990, and the text of the notice warned the taxpayer to file a petition within 90 days of "the above date of this letter" in order to contest the determination in Court before making any payment. However, it is settled law that the date appearing on the notice of deficiency is not the date of mailing (although the dates may coincide). See Traxler v. Commissioner, 61 T.C. 97 (1973), modified 63 T.C. 534 (1975); Southern California Loan Association v. Commissioner, 4 B.T.A. 223 (1926); United Telephone Company v. Commissioner, 1 B.T.A. 450 (1925); Hurst, Anthony & Watkins v. Commissioner, 1 B.T.A. 26 (1924); Casqueira v. Commissioner, T.C. Memo. 1981-428↩.
2. This represents three undecipherable letters. ↩
3. All section references are to the Internal Revenue Code.↩
4. Apparently, the post office utilizes several manuals.↩