976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. BASS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70709.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert W. Bass, appeals pro se the tax court's dismissal of his petition for redetermination of the Commissioner of Internal Revenue's ("CIR") determination of a deficiency for tax year 1986. The tax court found it lacked jurisdiction because Bass's petition was not timely filed pursuant to 26 U.S.C. §§ 6212 & 6213. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 We review the issue of the tax court's jurisdiction de novo. Kelly v. Commissioner, 877 F.2d 756, 757 (9th Cir.1989). The tax court's findings regarding the dates on which the notice of deficiency and the petition for redetermination were mailed are findings of fact reviewed under the clearly erroneous standard. Pomarantz v. Commissioner, 867 F.2d 495, 497 (9th Cir.1988).
 
 
 4
 A taxpayer may petition for a redetermination of a tax deficiency within 90 days after a notice of deficiency has been mailed to the taxpayer. See 26 U.S.C. § 6213(a); Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977). "Timely filing of a petition is jurisdictional." Shipley, 572 F.2d at 213 (citations omitted). If the petition is delivered by United States mail, the postmark date is deemed to be the date of filing. See 26 U.S.C. § 7502(a)(1).
 
 
 5
 Here, the CIR offered probative evidence that the notice of deficiency was mailed to Bass on July 2, 1990. This evidence included a certified mail list and other documents indicating that Bass was sent a notice of deficiency by certified mail on July 2, 1990. In addition, Internal Revenue Service ("IRS") and Postal Service employees testified as to IRS and Postal Service procedures relating to the mailing of notices and identified the notations on the certified mail list indicating that the notices had been properly sent. Given this credible and probative evidence, the tax court was not clearly erroneous in finding that the notice of deficiency had been sent by certified mail to Bass on July 2, 1990. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984). Accordingly, Bass had until October 1, 1990 to file his petition for redetermination with the tax court.[1] Unfortunately, Bass did not mail his petition until October 2, 1990. Given these circumstances, the petition for review was untimely and the tax court correctly determined that it was without jurisdiction. See 26 U.S.C. § 6213(a); Shipley, 572 F.2d at 213; Healy v. Commissioner, 351 F.2d 602, 603 (9th Cir.1965) ("no matter how allegedly inequitable the situation, there is no authority to relieve the taxpayer from the clear jurisdictional requirements of the law") (quotations omitted).[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For purposes of determining the 90-day period, the day on which the notice is sent is not counted, and the following day is the first day of the 90-day period. Tax Ct.R. 25(a)(1). In addition, if the last day of the 90-day period falls on a Saturday, Sunday, or legal holiday, the taxpayer has until the next day that is not a Saturday, Sunday, or legal holiday to timely file the petition. 26 U.S.C. § 7503; Tax Ct.R. 25(a)(2)(B). Here, the first day counted is July 3, 1990, and the 90th day is September 30, 1990. Because September 30, 1990 was a Sunday, Bass had until October 1, 1990 to file his petition
 
 
 [2]
 On appeal, Bass relies heavily on two tax court opinions, Traxler v. Commissioner, 61 T.C. 97 (1973), modified, 63 T.C. 534 (1975), and Keeton v. Commissioner, 74 T.C. 377 (1980). In Traxler, the tax court found that if the postmark on the notice of deficiency shows a different date than the date on the certified mail list, the tax court may find that the postmark date controls. See 61 T.C. at 100. Here, Bass presented no evidence that the postmark date was different than the certified mail date. Accordingly, the court properly relied on the certified mail date. In Keeton, court found that the CIR had not sent a valid notice of deficiency to the petitioner's last known address. See 74 T.C. at 379-80. Here, there is no allegation that the CIR failed to mail Bass's notice of deficiency to his last known address