MARY E. SANDOR, N.K.A. MARY E. CANNING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sandor v. Commissioner
Docket No. 29213-91
United States Tax Court
T.C. Memo 1992-643; 1992 Tax Ct. Memo LEXIS 669; 64 T.C.M. (CCH) 1237; T.C.M. (RIA) 92643; November 3, 1992, Filed Respondent's motion to dismiss for lack of jurisdiction for the taxable year 1987 is granted and all references to the 1987 taxable year will be stricken from the petition. For Mary E. Sandor, pro se. For Respondent: Susan T. Mosley. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent seeks dismissal on the ground that the petition was not timely filed as required by section 6213(a). [1]
Respondent issued two statutory notices of deficiency, both dated September 11, 1991. One notice of deficiency determined a deficiency in petitioner's 1987 Federal income tax in the amount of $ 5,171 and additions to tax pursuant to section 6651(a)(1) in the amount of $ 330.75, section 6653(a)(1)(A) in the amount of $ 258.55, and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the deficiency. The other notice *670 of deficiency determined a deficiency in petitioner's 1988 Federal income tax in the amount of $ 5,457 and additions to tax pursuant to section 6651(a)(1) in the amount of $ 272.85 and section 6653(a)(1) in the amount of $ 389.25. The issues for decision are: (1) Whether respondent issued valid notices of deficiency; and (2) the date each notice of deficiency should be considered as mailed for purposes of determining the time to file a petition under section 6213(a). Background Some of the facts are stipulated and are incorporated in our findings herein. At the time of filing the petition herein, petitioner resided in Laurel, Maryland. The notices of deficiency were each dated September 11, 1991, and were sent by certified mail to petitioner at an address in Wheaton, Maryland. An Internal Revenue Service (IRS) receipt for certified mail (Form 3624) was stamp dated September 11, 1991, reflecting that two letters addressed to petitioner had been delivered by the IRS to the U.S. Postal Service, Philadelphia, Pennsylvania, for mailing to petitioner. The address on the form reflects that the notices are addressed to petitioner at Wheaton, Maryland. The Form 3624 also reflects the *671 certified mail number for each of the notices of deficiency. Each notice of deficiency bears the corresponding certified mail number on the outside of the envelope in which it was mailed. Despite having moved twice since residing at the Wheaton, Maryland, address, petitioner received the notices of deficiency on or about September 16, 1991, at an address in Laurel, Maryland. The notices were delivered in two separate envelopes, both bearing an IRS return address of Philadelphia, Pennsylvania. The envelope in which the notice of deficiency for the taxable year 1988 was mailed reflects a postmark date of September 14, 1991, and a Washington, D.C., location. The postmark on the envelope in which the 1987 notice of deficiency was mailed is illegible. A single petition in response to both notices of deficiency was mailed on December 11, 1991, and received by the Court on December 12, 1991. Respondent argues that the petition is untimely pursuant to section 6213(a) and requests that the case be dismissed for lack of jurisdiction. Respondent relies upon the date reflected on the notice of deficiency and on the Form 3624 (September 11, 1991) as the date of mailing. If respondent *672 is correct, the 90-day period for filing a timely petition would have expired on Tuesday, December 10, 1991, and the petition is untimely. Petitioner calculated the 90-day period for filing based upon the postmark date of September 14, 1991, reflected on the envelope in which the 1988 notice of deficiency was contained. Accordingly, petitioner contends that the petition is timely since it was filed within 90 days from September 14, 1991. Petitioner also argues that the notices of deficiency are invalid because respondent failed to mail the notices to her "last known address". Discussion An action in this Court requires a valid statutory notice of deficiency and a timely filed petition. Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Section 6212 sets forth the requirements for a valid notice of deficiency. A notice of deficiency must be mailed to the taxpayer's "last known address". See Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983), affd. 769 F.2d 1376 (9th Cir. 1985). We need not decide whether the notices *673 of deficiency were sent to petitioner's "last known address" because petitioner received the notices within a short time after they were mailed. Petitioner testified that she received the notices within a few days from their mailing by the IRS. Petitioner had sufficient time to prepare and file a petition and was not prejudiced by the mailing to the Wheaton, Maryland, address. We have denied taxpayers' motions to dismiss for improper mailing when actual receipt of the notice results in no prejudice to the taxpayer. See McKay v. Commissioner, 89 T.C. 1063 (1987), affd. 886 F.2d 1237 (9th Cir. 1989); Mulvania v. Commissioner, supra.An error in an address is not prejudicial as a matter of law. McKay v. Commissioner, supra at 1068 (citing Looper v. Commissioner, 73 T.C. 690 (1980)). The remaining issue for decision in this case is whether the notices of deficiency should be considered as having been mailed on September 11, 1991 (the date reflected on the notices of deficiency and on the Form 3624) or some other date. Failure *674 to file a timely petition will result in the dismissal of the case since timely filing is a prerequisite to the jurisdiction of this Court. Pietanza v. Commissioner, 92 T.C. 729, 735 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Minuto v. Commissioner, 66 T.C. 616, 618 (1976); Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966). Although it is clear that the date of mailing is what triggers the 90-day period, neither section 6213(a) nor the regulations promulgated thereunder define exactly what constitutes the "date of mailing". As a general rule, absent evidence to the contrary, respondent's submission of a receipt for certified mail conclusively establishes the date on which a notice of deficiency was mailed by respondent to petitioner. See Traxler v. Commissioner, 61 T.C. 97, 100 (1973) (hereinafter referred to as Traxler I), modified 63 T.C. 534 (1975) (hereinafter referred to as Traxler II); August v. Commissioner, 54 T.C. 1535 (1970); Sparling v. Commissioner, T.C. Memo. 1990-661; *675 Plaut v. Commissioner, T.C. Memo. 1984-355. The date appearing on the notice of deficiency is not considered the date of mailing, although it often coincides with the date of delivery to the post office. Traxler I, supra at 99. If there is evidence that the notice of deficiency was mailed on a date other than that reflected by a receipt for certified mailing, the Court may consider it. The record in this case indicates the existence of such other evidence. The envelope which contained the 1988 notice of deficiency reflects a postmark date of September 14, 1991. Petitioner testified that she relied on that postmark date when she was calculating the 90-day period for filing. In Traxler I, supra, we held that when the postmark date on the envelope is later than the actual date of mailing, the postmark date may be construed as the date when the deficiency notice was mailed. [2] See also Bill Wright Toyota, Inc. v. Commissioner, T.C. Memo. 1992-344. *676 In Traxler I, we emphasized that the taxpayer would be placed in a difficult position if he had to rely on the date of the certified mail deposit as the date of mailing. Traxler I, supra at 100. Generally, the taxpayer would have no knowledge what date is reflected in such document. If the taxpayer were required to rely on the deficiency notice date, he might be denied what the law allows him. [3]Id.
Respondent's counsel attempted to distinguish Traxler I from the present case in arguing that the postmark here is not an origination postmark. [4] Respondent argues that the postmark referred to in Traxler I was intended to refer to an origination postmark reflecting the same geographic location from where the notice of deficiency was mailed. Respondent argues that the postmark in the *677 present case is a "destination" postmark since the postmark on the envelope containing the 1988 notice of deficiency bears a Washington, D.C., stamp while the notices of deficiency had been placed in the mail in Philadelphia, Pennsylvania, as evidenced by the receipt for certified mail. Respondent speculates that the September 14, 1992, Washington, D.C., postmark may have been made as a result of rerouting by the U.S. Postal Service.
We find fault with respondent's attempt to distinguish the present case from Traxler I, supra, for several reasons. Respondent failed to provide any supporting evidence concerning the mailing practices of the IRS or of the U.S. Postal Service. Also, the issue of whether the postmark is a "destination" postmark *678 or an "origination" postmark is of limited use to a taxpayer. It would appear to place an onerous burden upon the average taxpayer, not knowledgeable of the operations of the IRS or the U.S. Postal Service, to require a taxpayer to identify where a letter is mailed from or what category of postmark is on a piece of mail. Traxler I, supra, holds that a taxpayer should be able to rely on a postmark as the date of mailing. It is not unreasonable that petitioner considered the postmark date on the envelope as the date of mailing the notice of deficiency for 1988. We thus hold that the notice of deficiency for the taxable year 1988 was "mailed" on September 14, 1991. Since the petition was filed on December 12, 1991, it was timely filed on the 89th day. Accordingly, respondent's motion to dismiss for lack of jurisdiction as to the 1988 taxable year will be denied. However, we hold that the petition as it relates to the 1987 year was not timely filed. The notice of deficiency for the tax year 1987 was enclosed in a separate envelope and, although mailed to the same taxpayer, the two notices are separate and distinct items. Absent evidence to the contrary the receipt for certified *679 mail determines the date of mailing of a particular notice of deficiency. See Traxler II, 63 T.C. 534, 536 (1975); Plaut v. Commissioner, T.C. Memo. 1984-355. The illegible postmark cannot be considered contradictory evidence. We note that in August v. Commissioner, 54 T.C. 1535 (1970), this Court disregarded a handwritten marking on an envelope (which the taxpayer alleged to be a postmark), and relied on the receipt for certified mail to establish the date of mailing. Based on the foregoing, we hold that the notice of deficiency for the 1987 tax year was mailed on September 11, 1991. Since the petition was filed on December 12, 1991, [5] it was untimely as to this notice of deficiency. Respondent's motion to dismiss for lack of jurisdiction for the taxable year 1987 is granted and all references to the 1987 taxable year will be stricken from the petition. *680 An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code.↩
2. After further hearing, this Court reconsidered its original opinion based upon additional evidence presented and determined that the date appearing on the envelope containing the notice of deficiency was not a postmark, but rather was a line date stamp. We thus held that the date of mailing was the date evidenced on the receipt for certified mail. Traxler v. Commissioner, 63 T.C. 534 (1975) (Traxler II). However, when a postmark can be established, the opinion in Traxler v. Commissioner, 61 T.C. 97↩ (1973) (Traxler I), provides that it would be appropriate to look to the postmark as the date of mailing.
3. It should be noted that the Court in Traxler I expressly stated that the postmark date will be used as the date of mailing only when the postmark date is later than the certified mail date. Traxler I, supra↩ at 100.
4. There is no disagreement that the envelope in which the 1988 notice of deficiency was mailed reflects a valid postmark. Cf. Traxler II, supra; Bill Wright Toyota, Inc. v. Commissioner, T.C. Memo. 1992-344↩.
5. Even using the timely mailing, timely filing provisions of sec. 7502 does not assist petitioner here since the petition was mailed on Dec. 11, 1991, and the 90-day period for timely filing expired on Dec. 10, 1991.↩